NICOLA COLELLI, Respondent, *v*. NEW JERSEY AND PENNSYLVANIA CONCENTRATING WORKS, Appellant.

*Negligence — defective plan for a building — liability of the person furnishing the plan for injury caused by the fall of the building.*

In an action brought to recover damages resulting from personal injuries sustained, as alleged, because of the defendant's negligence, it appeared that a contractor undertook to erect a building in accordance with plans furnished by the defendant, who also supplied the material and requisite machinery; that the contractor applied to the defendant for a gang of men to assist him, and that the defendant sent the plaintiff to the work under its own foreman; that the building when partly finished fell, without any apparent cause, and injured the plaintiff.

On appeal from a judgment in favor of the plaintiff,

*Held*, that the jury, in the absence of proof that the plan was negligently executed, was entitled to conclude that the accident resulted from a defective plan, and that a verdict in favor of the plaintiff would not be disturbed.

APPEAL by the defendant, the New Jersey and Pennsylvania Concentrating Works, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of October, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 13th day of November, 1894, denying its motion for a new trial made upon the minutes.

*Theodore B. Steele*, for the appellant.

*John M. Gardiner* and *Henry M. Heymann*, for the respondent.

FOLLETT, J.:

This action was begun October 8, 1892, to recover damages for a personal injury sustained by the plaintiff, an employee of the defendant, occasioned by the alleged negligence of the defendant. The plaintiff is a stonemason, and, April 7, 1892, began work for the defendant, a New Jersey corporation, and continued in its employ until August 12, 1892, when he was injured.

The case does not contain all of the evidence, and, therefore, no question of fact is before the court for its consideration. June 30, 1892, the defendant entered into a contract with Owen J. Conley, by which the latter agreed to erect, pursuant to plans furnished

by the defendant, a frame building about 230 feet long, 90 feet wide, and upwards of 50 feet high, upon its property at Ogden, N. J., and known as stockhouse No. 3.   The defendant furnished the material for the building and the machinery and implements for erecting it.   When completed it was to consist of twenty-three bents set ten feet apart.   When the bents were ready to be raised the contractor applied to the defendant for a gang of men to assist in raising the building.   The plaintiff was at work under a foreman by the name of Smith, who was directed by the defendant's officers to assist the contractor in the erection of the building.   In obedience to Smith's direction the plaintiff, with others, worked on the building.

On August 12, 1892, while the seventeenth bent was being raised, all the bents fell to the ground, severely injuring the plaintiff, who was at the time engaged on the building as an employee of the defendant.   There was no wind or apparent external cause for the accident, but the building fell, either because defectively designed, or because the design was defectively executed.   The defendant's mechanical engineer planned the building, and it is not asserted that the contractor who undertook to perform the mechanical labor, but not to furnish any materials or machinery, neglected to erect or stay the bents in accordance with the plans furnished.   There was some evidence that the bents fell because the contractor's employees negligently left a rope unfastened, but the court instructed the jury that the negligence of the contractor or of his employees furnished no ground for the recovery of damages by the plaintiff, and that to entitle him to recover the jury must find that the accident was caused by a defective plan or design negligently adopted.   The mere fact that seventeen bents, forming a frame 170 feet long, 90 feet wide and 50 feet high, fell under the circumstances described, was evidence from which the jury was at liberty to infer that the plan was defective, unless it were shown to have been negligently executed.   Builders testified that sufficient stays for holding the bents in position after they were erected were not prescribed by the plans, and in this respect it was urged that the defendant was negligent.   On the part of the defendant witnesses testified that the plan was a safe one; but in the face of the result it is not a matter of surprise that the jury found that it was not.   The plaintiff did not recover upon the

theory that the contractor or his employees were negligent, but upon the ground that the defendant negligently designed an unsafe building, upon which it directed the plaintiff to labor. It is not urged that the court erred in the reception or rejection of evidence, and the exceptions to the charge present no error, and are not of sufficient importance to require discussion. The liability of the defendant to its employees injured by this accident has already been affirmed in this court (*Rook* v. *New Jersey & Pennsylvania Concentrating Works*, 76 Hun, 54), and also by the Supreme Court of New Jersey in two cases.

The judgment and order should be affirmed, with costs.

Parker, J., concurred; Van Brunt, P. J., concurred in result.

Judgment and order affirmed, with costs.